IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEOLATTANA TOOTOO SAPHILOM, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-18-1180 |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Currently pending before the Court is Defendant's motion to dismiss for failure to prosecute or, in the alternative, to amend the scheduling order.[1] (ECF No. 18.) Construed as a motion to dismiss under Rule 41(b), the motion will be denied.[2] Construed in the alternative as a motion to amend the scheduling order, the motion will be granted.

I. Background

On April 28, 2018, Plaintiff filed suit alleging that her former employer, Nationwide Insurance Company, violated federal employment discrimination laws by, inter alia, terminating her employment, failing to reasonably accommodate her disability, and retaliating against her. (Compl. at 4–5, ECF No. 1.) At the close of pleadings, this Court entered a Scheduling Order setting February 14, 2019, as the deadline to complete discovery. (ECF No. 16.)

---

[1] Defendant filed a second motion to dismiss for failure to prosecute on April 16, 2019. (ECF No. 33.) That motion is not yet ripe for decision, and, accordingly, the Court does not consider it here.

[2] Defendant's motion also refers to Rule 37(d) in its introduction, but Defendant's briefs do not develop any legal arguments under this Rule. Accordingly, the Court construes the motion as one under Rule 41(b).

According to correspondence filed by Defendant and not disputed by Plaintiff, Defendant served requests for initial disclosures on November 5, 2018. (Discovery Correspondence at 1, ECF No. 17.) Plaintiff failed to respond within thirty days and did not respond to attempts to contact her in the ensuing weeks. (*Id.* at 1–2.) In late December, Plaintiff notified Nationwide that she had retained counsel, although counsel did not enter an appearance for another six weeks. (Mot. Dismiss Mem. Supp. at 2, ECF No. 18–1.) In early January, counsel agreed to submit a consent motion to modify the Scheduling Order and extend discovery deadlines. (Discovery Correspondence at 2.) Plaintiff's counsel served Nationwide with responses to initial disclosures on January 28, 2019, but never filed the motion seeking to amend the Scheduling Order. (*Id.*)

On February 8, 2019, Defendant filed its motion, alongside correspondence outlining discovery issues and Plaintiff's failure to enter appearance of counsel or file promised motions. (ECF No. 17; ECF No. 18.) On February 15, 2019, local counsel filed a motion for pro hac vice admission of Plaintiff's out-of-state counsel, Patrick Edwards, which was granted. (ECF No. 21, *granted by* ECF No. 22.) Plaintiff also filed in opposition to the motion to dismiss. (ECF No. 20.) After briefing, but before a decision, Plaintiff's counsel moved to withdraw. (ECF No. 24.) The Court granted the request and stayed all deadlines for 21 days to afford Plaintiff the opportunity to retain new counsel. (ECF No. 26; ECF No. 27.) Plaintiff later confirmed her intention to proceed pro se. (ECF No. 31.)

II. Analysis

District courts may involuntarily dismiss a case if a plaintiff "fails to prosecute [the case] or to comply with [procedural] rules or a court order." Fed. R. Civ. P. 41(b). This power "is appropriately exercised only with restraint," and the district court must weigh "the power to prevent delays . . . [against] the sound public policy of deciding cases on their merits." *Hillig v.*

*Cmm'r*, 916 F.2d 171, 173–74 (4th Cir. 1990) (quoting *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978)). The Fourth Circuit requires district courts to consider four factors before granting a Rule 41(b) dismissal: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Id.* at 174.

Where most or all factors weigh in the plaintiff's favor, the Fourth Circuit has found dismissal to be an abuse of discretion. *See id.* at 174–75 (vacating dismissal where the record did "not support a conclusion that the delay was deliberate" and where prejudice could be cured by lesser sanctions); *Reizakis v. Loy*, 490 F.2d 1132, 1135–36 (4th Cir. 1974) (reversing dismissal where plaintiff's counsel was responsible for delays and prejudice could be remedied through monetary sanctions); *Koehler v. Dodwell*, 215 F.3d 1319, 2000 WL 709578, at *5 (4th Cir. 2000) (unpublished) (finding the plaintiff personally responsible for failure to prosecute but reversing dismissal where all other factors weighed in his favor). Here, the Court finds that the first factor weighs in part against Plaintiff, but that the other factors do not support dismissal.

In this case, the Plaintiff is personally responsible for at least some of the delay. Failures in January and early February to respond to discovery, enter an appearance of counsel, or file the consent motion appear to be attributable primarily to her out-of-state lawyer. (*See* Opp'n Mot. Dismiss at 2, ECF No. 15 (stating that her lawyer "was out of town and ill" in January and that he failed to secure an agreement with local counsel until February).) But, her original failure to respond to requests for disclosures occurred while she was pro se and, therefore, independently responsible for adherence to court rules and orders. Local R. 101.1(a) (D. Md. 2018); *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) ("[While] [p]ro se litigants are entitled to some deference from courts[,] . . . [they] are [nonetheless] subject to the time requirements and respect for court

orders without which effective judicial administration would be impossible."); *see also Adams v. Sharfstein*, Civ. No. CCB-11-3755, 2012 WL 2992172, at *4 (D. Md. July 19, 2012).

Nonetheless, the record does not show these delays to have been part of a pattern of deliberately dilatory conduct. Plaintiff has assured the Court in a sworn affidavit that she did not intentionally disregard orders and that she intends to be responsive in future. (*See* Affidavit at 1, ECF No. 20-1.) She has also confirmed her intention to proceed pro se. (ECF No. 31.) While the Court does not condone disregard for court-ordered deadlines, no matter how slight, the Court also notes that delays in this case are not as egregious as those in other cases implicating Rule 41(b). *Compare, e.g., Adams v. Md. Mgmt. Co.*, Civ. No. WDQ-1-2408, 2013 WL 142074, at *3 (D. Md. Jan. 10, 2013) (granting involuntary dismissal where discovery deadlines were delayed twice due to plaintiff's "noncompliance" and her failure to answer interrogatories persisted for six months, even after being ordered to respond), *with, e.g., Reizakis*, 490 F.2d at 1135–36 (finding an abuse of discretion where miscommunication between attorneys, local counsel, and witnesses caused lack of preparedness for trial and where any prejudice from a continuance may have been remedied by less drastic sanctions).

The Court next turns to prejudice and less drastic measures. Defendant argues that Plaintiff's failure to participate in pre-trial discovery thwarted the exchange of information with the opposing party and hindered its ability to adequately prepare its defense. (Mot. Dismiss Mem. Supp. at 4.) This prejudice can be cured through less drastic means than involuntary dismissal. As Defendant acknowledges, responses to initial requests for disclosures were eventually received on January 28, 2019. (Discovery Correspondence at 2.) Although the responses were provided by a lawyer who had not yet entered an appearance, Defendant does not suggest that the factual content of the responses was incomplete, untrustworthy, or otherwise lacking. The Court is aware

of no other outstanding discovery requests. Therefore, the primary prejudice appears to be the impact of delay on the Defendant's ability to develop additional evidence in response to initial disclosures. Such prejudice can be cured by providing an additional opportunity for discovery.

For these reasons, involuntary dismissal under Rule 41(b) is not warranted. Instead, the Court will extend one, final opportunity for Plaintiff to make good on her promises to prosecute this case. The Court will reopen discovery for a period of six weeks. This additional window is Plaintiff's final chance to pursue her claims on the merits. Plaintiff will be obligated to participate in discovery in good faith and with due diligence and to be responsive to communications from defense counsel. Her pro se status will not excuse further failures to prosecute her case. In addition, if at any point Plaintiff obtains legal representation, she is welcome to enter an appearance of counsel, but new counsel will not provide a basis to further delay proceedings.

III.  Conclusion

For the reasons stated above, an order shall enter granting in part and denying in part Defendant's motion. Construed as a motion to amend, the motion will be granted. Construed as a motion to dismiss, the motion will be denied. An amended scheduling order will follow.

DATED this 17 day of April, 2019.

BY THE COURT:

James K. Bredar
Chief Judge

5